UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH RHODES,

               Plaintiff,

   v.

DEPUTY HANKS, *et al.*,

               Defendants.

CASE NO. 3:19-cv-05382-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Joseph Rhodes, proceeding *pro se* and *in forma pauperis* (Dkts. 4, 5), brings this case under 42 U.S.C. § 1983. The District Court has referred the matter to the undersigned. *See* Dkt. 2.

Plaintiff seeks to hold a corrections officer and various state and municipal entities liable for an incident in which the corrections officer allegedly disciplined plaintiff without cause. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. In particular, although plaintiff asserts that his

claim is for "racial discrimination," plaintiff fails to allege that his race motivated the corrections officer's behavior and with respect to his claim about being transferred out of medical overflow, to identify a group of others who were similarly situated in all respects except race but treated differently. He also fails to allege a municipal custom or policy that led to his injury or to otherwise specify the constitutional or statutory rights that he claims were violated. The Court provides plaintiff leave to file an amended pleading by **July 5, 2019**, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is incarcerated at the Washington Corrections Center, brings this action against the Clark County Jail, a corrections officer at the Clark County Jail ("defendant Hanks"), Clark County, the City of Vancouver, and the State of Washington for "racial discrimination, pain & suffering, mental anguish[,] and physical distress" based on events that occurred during his custody in Clark County Jail. *See* Dkt. 5, at 4.

Plaintiff, who is African-American, alleges that on December 17, 2018, he had a "heated conversation" with another prisoner in the medical overflow unit and that the other prisoner used racial epithets against plaintiff. Dkt. 5, at 6. Plaintiff, who suffers from back and wrist injuries, alleges that after this encounter, defendant Hanks wrongly determined that plaintiff was the instigator and disciplined plaintiff—but not the other prisoner—by sending plaintiff to the medical pod, where he was forced to sleep on the floor. *See* Dkt. 5, at 7–8, 10. According to plaintiff, although he could have returned to the medical overflow unit the next day, defendant Hanks intervened and "got [plaintiff] cleared to leave" the medical overflow unit, without plaintiff first seeing a doctor. *See* Dkt. 5, at 8–9.

Plaintiff alleges that these actions constituted violations of his "constitutional," "civil," "Equal Opportunity," and "health and disability" rights. Dkt. 5, at 9. Plaintiff alleges that he filed a grievance but has been unable to obtain a copy of his final grievance. *See* Dkt. 5, at 5.

## DISCUSSION

### I. Screening Principles

Under the PLRA, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show the following: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Applying these principles, plaintiff's complaint suffers from deficiencies requiring dismissal of some claims if not corrected in an amended complaint, as set forth below.

**II. Racial Discrimination Claim Against Defendant Hanks**

Plaintiff appears to allege that defendant Hanks discriminated against plaintiff on the basis of his race by wrongly disciplining plaintiff, who is African-American, rather than the other prisoner, who is not African-American, as the instigator of the "heated encounter" in the medical overflow unit and by having plaintiff transferred from the medical overflow unit without a doctor's approval. *See* Dkt. 5, at 7, 9.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.'" *Navarro v. Block*, 72 F.3d 712, 716 n.5. (9th Cir. 1995) (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (internal quotations omitted)); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("Mere indifference to the effects of a decision on a particular class does not give rise to an equal protection claim.").

Another essential element of a claim of violation of equal protection is to identify a group of similarly situated individuals who have been treated disparately, so that the factor motivating the alleged discrimination can be identified. *Thornton*, 425 F.3d at 1167. Identfiying a group of others similarly situated but treated differently allows the Court to identify the factor—such as racial animus—motivating the difference in treatment. *See id.*

1       Other than a bare assertion that defendant Hanks' actions were "racial discrimination," plaintiff fails to provide any allegations to support that plaintiff's race, rather than some other factor, motivated defendant Hanks' actions. In addition, although plaintiff appears to identify the other prisoner as a similarly situated individual who was treated differently (not disciplined) on account of race, regarding plaintiff's transfer out of the medical overflow unit, plaintiff fails to identify how on account of race, he was treated differently from others similarly situated. These are essential elements of plaintiff's claim of racial discrimination, which the complaint must include to state a claim upon which relief can be granted.

      Although this Court will interpret a *pro se* plaintiff's civil rights complaint liberally, "a liberal interpretation . . . may not supply essential elements of the claim that were not initially pled." *Ivery v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If plaintiff wishes to bring a claim of racial discrimination against defendant Hanks, plaintiff must amend his complaint to include allegations that support that defendants Hanks' actions were not merely "in spite of" plaintiff's race but were done "because of" plaintiff's race and to explain how on account of race, he was treated differently than others similarly situated with respect to his transfer out of the medical overflow unit.

**III. Racial Discrimination Claim Against Defendants Clark County Jail, Clark County, City of Vancouver, and the State of Washington**

      Plaintiff additionally names the Clark County Jail, Clark County, the City of Vancouver, and the State of Washington as defendants in his complaint. *See* Dkt. 5, at 4. Plaintiff appears to be attempting to bring a claim of municipal liability for racial discrimination against Clark County as the operator of Clark County Jail.

1         "[M]unicipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "A county is subject to Section 1983 liability 'if its policies, whether set by the government's lawmakers or by those whose edicts or acts . . . may fairly be said to represent official policy, caused the particular constitutional violation at issue.'" *King v. Cty. of L.A.*, 885 F.3d 548, 558 (9th Cir. 2018) (quoting *Streit v. Cty. of L.A.*, 236 F.3d 552, 559 (9th Cir. 2001)).

        Plaintiff's claims against Clark County and the City of Vancouver are deficient because plaintiff fails to "demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc). Instead, plaintiff seems to assert that Clark County is liable under a *respondeat superior* theory—that is, as the entity who allegedly employs defendant Hanks and is therefore responsible for his actions. But this type of supervisory liability is not cognizable under § 1983. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). And plaintif fails to explain or allege how any particular policy of custom of the City of Vancouver caused the alleged constitutional deprivation.

        Thus, if plaintiff wishes to bring claims against Clark County and the City of Vancouver for racial discrimination—or another type of civil rights violation that is cognizable under § 1983—then plaintiff must provide allegations to support that a policy or custom of the local governmental unit—not merely supervisory liability for defendant Hanks' actions—caused the alleged constitutional deprivation. *See Brown*, 520 U.S. at 403.

        Moreover, the Clark County Jail is not an appropriate defendant under a theory of municipal liability because the proper defendant in such a claim is the municipality—the city or county—and not the municipal department. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993,

996 (N.D. Cal. 1996); *accord Osborne v. Clark Cty. Sheriff's Office*, 3:16-CV-05307-BHS-DWC, 2017 WL 6558665, at *5 (W.D. Wash. Nov. 29, 2017) (Clark County Jail is not an appropriate defendant in a § 1983 action).

To the extent that plaintiff names Clark County Jail as a state agency, it is immune from suit under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Moreover, plaintiff's claims under § 1983 against the State of Washington are not cognizable because the State is immune from liability under § 1983. *Id.*

**IV. Other Claims than Racial Discrimination**

It is not clear what claims other than racial discrimination plaintiff intends to assert against defendants. For instance, although plaintiff alleges that defendant Hanks violated his "constitutional" and "civil" rights, plaintiff only describes alleged racial discrimination and does not attempt to make out the elements of any other type of claim. Plaintiff identifies his "health and disability rights," but it is unclear whether plaintiff intends to bring claims under Title II of the Americans with Disabilities Act or to bring some other type of claim. If plaintiff intends to bring a claim for violation of the Americans with Disabilities Act, plaintiff must allege that—

> "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entities' services, programs, or activities or was otherwise discriminated against by

the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

*Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)), *overruled on other grounds by Castro v. Cty. of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Plaintiff references "Equal Opportunity" rights, but to the extent that this is a reference to some other type of claim than his claim of racial discrimination in violation of Equal Protection, plaintiff does not sufficiently identify the statute or constitutional right under which he seeks to proceed. *See* Dkt. 5, at 9.

**V. Conclusion and Instructions to Plaintiff and the Clerk**

The only constitutional or statutory right that plaintiff identifies with sufficient particularity is his right to be free from racial discrimination under the Fourteenth Amendment; however, to the extent that he raises this claim against defendant Hanks, plaintiff fails to allege discriminatory intent and that on account of his race, he was treated differently from a similarly situated group when he was transferred from the medical overflow unit. Moreover, to the extent that plaintiff brings claims against defendants other than defendant Hanks, plaintiff either fails to set forth the elements of municipal liability under § 1983 or to identify a defendant who is not immune from suit.

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity

did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before July 5, 2019**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

///

///

The Clerk is directed to send plaintiff the appropriate, most recent versions of the forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 10th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge