UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH RHODES,<br><br>                Plaintiff,<br><br>   v.<br><br>DEPUTY HANKS, *et al.*,<br><br>                Defendants. | CASE NO. 3:19-cv-05382-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**: AUGUST 30, 2019 |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 2. The undersigned recommends that this action be dismissed without prejudice because plaintiff has failed to comply with a court order and to prosecute this action.

///

///

///

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | **BACKGROUND** |
| 2 | Plaintiff Joseph Rhodes, proceeding *pro se* and *in forma pauperis*, initiated this civil |
| 3 | rights action on May 6, 2019. *See* Dkts. 1, 4. On June 10, 2019, the Court screened plaintiff's |
| 4 | complaint pursuant to 28 U.S.C. § 1915A and found that plaintiff failed to state a claim under § |
| 5 | 1983. *See* Dkt. 7. In particular, plaintiff's bare allegations of "racial discrimination" lacked |
| 6 | sufficient facts to demonstrate that defendants' actions violated plaintiff's constitutional rights |
| 7 | based upon his membership in a protected class. *See* Dkt. 7, at 4–5. Additionally, plaintiff failed |
| 8 | to allege a municipal custom or policy that led to plaintiff's injury or otherwise specify the |
| 9 | constitutional or statutory rights that he claims were violated. *See* Dkt. 7, at 2. |
| 10 | The Court ordered plaintiff to show cause by July 5, 2019 why the complaint should not |
| 11 | be dismissed. *Id.* The Court warned plaintiff that failure to comply with the show cause order |
| 12 | would result in the Court recommending dismissal of this action pursuant to 28 U.S.C. § |
| 13 | 1915(e)(2). *See* Dkt. 7, at 9. |
| 14 |   |
| 15 | **DISCUSSION** |
| 16 | Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal if a plaintiff |
| 17 | fails to prosecute or to comply with a court order. The dismissal counts as an adjudication on the |
| 18 | merits unless the Court provides otherwise. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th |
| 19 | Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any |
| 20 | order of the court). |
| 21 | Here, plaintiff has not filed a response to the order to show cause or an amended |
| 22 | complaint. After this Court's show cause order, plaintiff filed medical records and x-rays of |
| 23 | plaintiff's fractured right hand after a fall dated May 17, 2019 (*see* Dkt. 8, at 1–5), x-rays of |
| 24 |   |

1 plaintiff's lumbosacral spine dated January 25, 2019 (*see* Dkt. 8, at 6–12), and Department of
2 Corrections Health Status reports dated January 11, 2019, March 20, 2019, May 17, 2019, May
3 27, 2019, June 27, 2019, and July 3, 2019. *See* Dkt. 8, at 13–18. On August 8, 2019, plaintiff
4 filed radiology reports and digital x-rays of his hand, as well as a surgical consultation
5 scheduling letter. *See* Dkt. 10. These documents do not satisfy the Court's order to submit an
6 amended complaint on the form provided by the Court by July 5, 2019. *See* Dkt. 7, at 9.
7 Therefore, plaintiff has failed to comply with the Court's order, and the undersigned
8 recommends that the matter be dismissed without prejudice.

9     The Court recommends revoking plaintiff's *in forma pauperis* status for purposes of
10 appeal. IFP status on appeal shall not be granted if the district court certifies "before or after the
11 notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P.
12 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if
13 he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any
14 arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v.*
15 *Williams*, 490 U.S. 319, 325 (1989). Because plaintiff's complaint lacks any arguable basis in
16 fact, the district court should certify that an appeal would not be taken in good faith.

17

18                                  **CONCLUSION**

19     As plaintiff has failed to comply with the show cause order, the Court recommends that
20 this case be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b). Plaintiff's *in*
21 *forma pauperis* status should be revoked for purposes of appeal.

22     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
23 Procedure, the parties shall have fourteen (14) days from service of this Report to file written
24

REPORT AND RECOMMENDATION - 3

1 objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
2 objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
3 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August
4 30, 2019, as noted in the caption.

Dated this 13th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge